Filed 5/11/26  P. v. Reyes CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIO REYES, JR.,<br><br>    Defendant and Appellant. | F089378<br><br>(Super. Ct. No. SC079231A)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**BY THE COURT:**

It is ordered that the opinion filed herein on May 8, 2026, be modified in the following particulars:

1.  On page 14, the first sentence in footnote 8, that reads, "Defendant contends the court in *Cain* determined section 1172.75, subdivision (f) is ambiguous," is deleted and the following sentence is inserted in its place:

    The People contend the court in *Cain* determined section 1172.75, subdivision (f) is ambiguous.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

DETJEN, Acting P. J.

WE CONCUR:

PEÑA, J.

HARRELL, J.

Filed 5/8/26  P. v. Reyes CA5 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO REYES, JR.,<br><br>Defendant and Appellant. | F089378<br><br>(Super. Ct. No. SC079231A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Peña, J. and Harrell, J.

# INTRODUCTION

Defendant Mario Reyes, Jr., was scheduled for recall and resentencing pursuant to Penal Code[1] section 1172.75 because his judgment included four one-year sentencing terms for prior prison term enhancements imposed pursuant to section 667.5, former subdivision (b). Ultimately, however, the trial court determined defendant was ineligible for resentencing based on subdivision (f) of section 1172.75 because his sentence included a term of life without the possibility of parole. Accordingly, the court granted the People's motion to dismiss resentencing.

As of January 1, 2025, subdivision (f) of section 1172.75 provides that "an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c), is not eligible for recall and resentencing under this section."

Defendant contends the court erred because subdivision (f) of section 1172.75 does not apply to him. He argues subdivision (f) should be construed conjunctively to exclude from resentencing only those individuals who have been convicted of a qualifying sexually violent offense *and* sentenced to death or a term of life without the possibility of parole.[2] Because defendant was not convicted of a qualifying sexually violent offense, he contends he does not meet the criteria to be excluded from

---

[1] Undesignated statutory references are to the Penal Code.

[2] He also asserts section 1172.75, subdivision (f) does not apply to him because his judgment was reviewed and verified by the sentencing court prior to January 1, 2025, when the trial court reviewed his criminal case to confirm the existence of a now-invalid prior prison term enhancement and calendared the matter for recall and resentencing. Because we resolve the appeal on other grounds, we do not address the retroactivity provision or whether defendant's judgment was reviewed and verified by the court prior to January 1, 2025.

resentencing pursuant to section 1172.75, subdivision (f).  The People argue subdivision (f) should be construed disjunctively to exclude from resentencing any individuals who have been convicted of a qualifying sexually violent offense *or* sentenced to death or a term of life without the possibility of parole.  Because defendant's sentence includes a term of life without the possibility of parole, the People contend he is ineligible for resentencing.

We conclude both the plain language of the statute and its legislative history support a conjunctive interpretation of section 1172.75, subdivision (f).  Because defendant was not convicted of a qualifying sexually violent offense, he remains eligible for resentencing.  Accordingly, we reverse the order granting the People's motion to dismiss and remand for further resentencing proceedings.

## **BACKGROUND**[3]

In 2000, a jury convicted defendant of first degree murder (§ 187, subd. (a); count 1).  A robbery special circumstance (§ 190.2, subd. (a)(17)) and firearm enhancement (§ 12022.5, subd. (a)) were found true.  In a bifurcated court trial, the court found defendant had committed a prior serious felony (§ 667, subd. (a)), which also constituted a strike (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and had suffered four prior prison terms (§ 667.5, former subd. (b)).  Defendant was sentenced to a term of life without the possibility of parole, plus 10 years for the firearm enhancement, five years for the prior felony enhancement, and three one-year terms for three of the prior prison term enhancements.  A one-year term on the fourth prior prison term enhancement was imposed and stayed.

Defendant was identified by the Department of Corrections and Rehabilitation as eligible for recall and resentencing pursuant to section 1172.75.  On November 1, 2023,

---

[3] The facts underlying defendant's offenses are not relevant to the issues presented on appeal, and we therefore dispense with a statement of facts.

the court scheduled a resentencing hearing for December 14, 2023. The matter was continued several times. On December 12, 2024, defendant filed a resentencing brief. At a hearing on January 10, 2025, the People indicated their intent to file a motion to dismiss on the ground defendant is excluded from resentencing because he is serving a sentence of life without the possibility of parole.

On January 29, 2025, the People filed a motion to dismiss resentencing on the ground that Senate Bill No. 285 (2023–2024 Reg. Sess.) (Senate Bill No. 285) (Stats. 2024, ch. 979, § 2) amended section 1172.75, effective January 1, 2025, to exclude from resentencing individuals, such as defendant, sentenced to a term of life without the possibility of parole. Defendant opposed the motion, arguing Senate Bill No. 285 does not apply retroactively to him because his sentence had been reviewed and verified by the sentencing court before Senate Bill No. 285's effective date.

The matter was heard on February 7, 2025. The trial court held that subdivision (f) of section 1172.75 bars resentencing of individuals sentenced to a term of life without the possibility of parole who were not resentenced prior to January 1, 2025. Accordingly, the court granted the People's motion to dismiss resentencing.

## DISCUSSION

### I.  Principles of Statutory Interpretation

We are asked to decide whether subdivision (f) of section 1172.75 excludes from resentencing persons who are serving a term of life without the possibility of parole, but who have not been convicted of a sexually violent offense. This is a question of statutory interpretation that we review de novo. (See *Brown v. City of Inglewood* (2025) 18 Cal.5th 33, 40.)

" 'When interpreting any statute, our goal is to determine the Legislature's intent and give effect to the statute's purpose.' " (*Iloff v. LaPaille* (2025) 18 Cal.5th 551, 560.) " 'We begin by examining the statute's words, giving them a plain and commonsense

meaning.  [Citation.]  We do not, however, consider the statutory language "in isolation." . . . [W]e construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' " ' [Citation.]  We also 'construe every statute with reference to the whole system of law of which it is a part, so that all may be harmonized and anomalies avoided.' " (*Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 330.) " ' "[T]he statute's plain meaning controls the court's interpretation unless its words are ambiguous." ' " (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1057.)  " 'If the statutory language is unclear, we may look to legislative history and public policy as aids in determining how best to give effect to Legislative intent.' " (*Iloff v. LaPaille*, at pp. 560–561.)

## II.     Background Regarding Section 1172.75

Defendant's original sentence was imposed in 2000 and included four one-year terms for prior prison term enhancements imposed pursuant to section 667.5, former subdivision (b).  The prior prison terms arose from convictions for burglary, unlawful driving or taking of a vehicle without consent, and being a felon in possession of a firearm.

Subsequent to defendant's original sentencing, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to allow for the imposition of one-year prior prison term enhancements only for specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)  Thereafter, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) (Stats. 2021, ch. 728, § 3) added former section 1171.1, now renumbered section 1172.75, which provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Stats. 2021, ch. 728, § 3; accord, § 1172.75, subd. (a).)  It also provided

a process for recall of sentences rendered invalid by Senate Bill No. 483 and resentencing of affected defendants.  (Stats. 2021, ch. 728, § 3; accord, § 1172.75, subd. (c).)

The resentencing process begins with corrections officials:  "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) [of section 1172.75] and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."  (§ 1172.75, subd. (b).)  The Department of Corrections and Rehabilitation was to provide this information to the trial courts on a staggered timeline, with the last of such identifications occurring by July 1, 2022.  (§ 1172.75, subd. (b)(1)–(2).)

Receipt of information from corrections officials regarding a defendant's resentencing eligibility triggers review by the trial court:  "Upon receiving the information described in subdivision (b) [of section 1172.75], the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a) [of section 1172.75].  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The review and resentencing process also was to be conducted on a staggered timeline, and all eligible individuals were to be resentenced by December 31, 2023.  (§ 1172.75, subd. (c)(1)–(2).)  As this case makes clear, however, that deadline was not met in all cases.

Resentencing pursuant to section 1172.75 entitles a defendant to a full resentencing, including application of the rules of the Judicial Council and application of "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2); see *People v. Rhodius*, *supra*, 17 Cal.5th at p. 1067, fn. 3 ["where [section]

6.

1172.75 applies, it requires full resentencing, not simply striking the now-invalidated priors"].) Resentencing pursuant to section 1172.75 must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) In no circumstance can resentencing result in a longer sentence than the one originally imposed. (*Ibid.*)

Effective January 1, 2025, Senate Bill No. 285 amended section 1172.75 to add subdivision (f). Subdivision (f) provides: "Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c) [of section 1172.75], is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively."

## III. Analysis

As stated, subdivision (f) of section 1172.75 excludes from resentencing "an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code *and* sentenced to death or a life term without the possibility of parole." (Italics added.) Defendant argues this provision should be construed conjunctively to exclude from resentencing only those individuals who have suffered a conviction for a qualifying sexually violent offense *and* been sentenced to death or a life term without the possibility of parole. The People contend the statute should be construed disjunctively to exclude from resentencing individuals who have been convicted of a qualifying sexually violent offense *or* sentenced to death or a term of life without the possibility of parole. Defendant has the better argument.

" 'The ordinary and usual usage of "and" is as a conjunctive, meaning " 'an additional thing,' " "also" or "plus." ' [Citations.] By contrast, ' "[U]se of the word 'or'

7.

in a statute indicates an intention to use it disjunctively so as to designate alternative or separate categories." ' " (*People v. Reynoza* (2024) 15 Cal.5th 982, 990–991 (*Reynoza*).) " 'But the word *and* is not always to be taken conjunctively.  It is sometimes, in a fair and rational construction of a statute, to be read as if it were *or*, and taken disjunctively . . . .' " (*Id.* at p. 991.)  Thus, "courts will sometimes substitute 'or' for 'and,' and vice versa, when necessary to accomplish the evident intent of the statute, but doing so is an exceptional rule of construction." (*In re C.H.* (2011) 53 Cal.4th 94, 102–103, superseded by statute on another ground as stated in *In re Edward C.* (2014) 223 Cal.App.4th 813, 824.)  Thus, for example, a court may substitute "or" for "and" to "correct a 'drafting error' where 'it appears clear that a word has been erroneously used, and a judicial correction will best carry out the intent of the adopting body.' " (*Reynoza*, at p. 991.) Additionally, a court may substitute "or" for "and" to avoid a construction of the statute that would make some words surplusage.  (*Ibid.*)

We first consider whether subdivision (f) of section 1172.75 is reasonably susceptible to both conjunctive and disjunctive interpretations.  (See *Reynoza*, *supra*, 15 Cal.5th at p. 990.)  Because the statute uses the word "and" to join the descriptions of persons excluded from resentencing, it is reasonably susceptible to a conjunctive interpretation.  (See *ibid*.)  Additionally, we note that the Legislature used the terms "and" and "or" in different parts of subdivision (f).  (§ 1172.75, subd. (f) ["sentenced to death *or* a life term without the possibility of parole," "reviewed *and* verified," "not eligible for recall *and* resentencing" (italics added)].)  In each of these instances, it appears the Legislature "understood the difference between the typically conjunctive 'and' and the typically disjunctive 'or.' " (*Reynoza*, at p. 991.)  It therefore appears the challenged portion of subdivision (f) was intended to be construed conjunctively to exclude an individual who "has been convicted of a sexually violent offense . . . *and* sentenced to death or a life term without the possibility of parole." (§ 1172.75, subd. (f), italics added.)

8.

The People do not assert any specific textual basis to support a disjunctive construction of the statute other than arguing that, in the abstract, the word "and" can mean either "and" or "or." (But see *CRST Expedited, Inc. v. Superior Court* (2025) 112 Cal.App.5th 872, 905 ["The possibility of *and* having multiple meanings does not establish a particular statute using the connector and is ambiguous."], review granted Sept. 17, 2025, S292005.) For example, the People do not assert the Legislature's use of "and" is the result of a drafting error or that a conjunctive construction would result in surplusage. The People assert only that construing section 1172.75, subdivision (f) disjunctively would best effectuate Legislative intent.

However, on its face, the text of the statute does not suggest a legislative intent to favor a disjunctive construction of subdivision (f) of section 1172.75. Section 1172.75 reflects the Legislature's intent to invalidate prior prison term enhancements imposed under the former law, and to require resentencing under current law for persons serving a term for a judgment that includes a now-invalid prior prison term enhancement, while preserving the trial court's ability to address public safety concerns by declining to reduce the aggregate length of the person's sentence, where appropriate. (§ 1172.75, subds. (a), (c), (d)(1).) Meanwhile, the plain text of subdivision (f) reflects the Legislature's intent to exclude a certain subset of individuals from the resentencing process that might otherwise be available to them. (§ 1172.75, subd. (f).) No other part of the statute identifies or references the individuals to be excluded. As stated, the disputed subdivision identifies the excluded individuals in the conjunctive as those who have "been convicted of a sexually violent offense . . . *and* sentenced to death or a life term without the possibility of parole." (*Ibid.*, italics added.) Nothing else in the statute suggests this phrase should be read disjunctively. Accordingly, the People have not shown that, on its face, subdivision (f) is reasonably susceptible to a disjunctive interpretation that would exclude from resentencing individuals, such as defendant, who

9.

are serving a term of life without the possibility of parole, but who have not been convicted of a sexually violent offense.

Even if we assume the plain language of section 1172.75, subdivision (f) is ambiguous as to whether it should be read conjunctively or disjunctively, the legislative history does not support the People's argument. Throughout its legislative history, Senate Bill No. 285 is described as excluding, conjunctively, individuals who have been sentenced to death or a term of life without the possibility of parole *and* convicted of a sexually violent offense. (E.g., Assem. Com. on Public Safety, Analysis of Sen. Bill No. 285, as amended June 4, 2024, p. 1 [describing the bill as excluding "an individual sentenced to death or [life without the possibility of parole], *and* who has been convicted of a sexually violent offense, as defined, *and* who, as of January 1, 2025, has not had their judgment reviewed and verified by a sentencing court to determine that the individual is serving a term that includes a legally invalid sentence enhancement for a specified prior drug conviction or prior prison or felony jail term" (italics added)]; Assem. Com. on Appropriations, Analysis of Sen. Bill No. 285, as amended July 3, 2024, p. 1 [describing the bill as specifying that "a person sentenced to death or life without the possibility of parole (LWOP) who has a conviction for a sexually violent offense is not eligible for resentencing relief relating to specified sentencing enhancements"]; Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 285, as amended Aug. 19, 2024, p. 4 ["This bill clarifies that persons convicted of the most serious of offenses are not eligible for resentencing under [Senate Bill No.] 483. Specifically, it states that an individual: (1) sentenced to death or LWOP; (2) who has been convicted of a sexually violent offense; and (3) who, as of January 1, 2025, has not had their judg[]ment reviewed and verified by a sentencing court . . . is not eligible for recall and resentencing under [Senate Bill No.] 483."].)

We agree with the People that Senate Bill No. 285 was intended to exclude from resentencing a subset of individuals convicted of particularly egregious crimes. Indeed,

10.

the legislative history reflects the Legislature's singular focus on individuals convicted of sexually violent offenses and sentenced to death, and on one individual in particular. The author of Senate Bill No. 285 explained: " 'Recently, appeals have been made to the courts arguing that certain people serving sentences for capital *and* sexually violent offenses qualify for full resentencing under [Senate Bill No.] 483. This interpretation does not align with the original bill's intent.' "[4] (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 285, as amended June 4, 2024, p. 3, italics added.) In describing the effect of Senate Bill No. 285, the Assembly Committee on Public Safety explained: "Earlier this year, Richard Allen Davis,[5] a convicted murderer and sexually violent offender serving a death penalty sentence, petitioned for recall and resentencing under [Senate Bill No.] 483 on the basis that his sentence included enhancements declared legally invalid by [Senate Bill No.] 483. . . . [Senate Bill No.] 285 seeks to clarify that persons convicted of the most serious of offenses, such as Richard Allen Davis, are not eligible for resentencing under [Senate Bill No.] 483." (*Id.* at p. 5.)

This history reveals that Senate Bill No. 285 was motivated by the resentencing petition of a specific individual who was both convicted of a sexually violent offense and sentenced to death. Additionally, this history reflects that the Legislature understood the exclusionary criteria contained in Senate Bill No. 285 would operate conjunctively. Accordingly, the legislative history does not support the People's assertion that subdivision (f) of section 1172.75 was intended to be construed disjunctively to exclude

---

**4** The author continued, " 'While courts have been dismissing the appeals, they have unnecessarily wasted court resources and reopened wounds of victims of their families. [Senate Bill No.] 285 clarifies who is eligible for resentencing under [Senate Bill No.] 483 to prevent clogging of the courts, limit re-traumatization of victims and their families, and close a loophole in the original drafting.' " (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 285, as amended June 4, 2024, p. 3.)

**5** Richard Allen Davis was convicted of the 1993 kidnapping and murder of 12-year-old Polly Klaas, an offense which attracted national attention. (*People v. Davis* (2009) 46 Cal.4th 539, 550, 552, 553–559.)

from resentencing persons sentenced to death or a term of life without the possibility of parole without also being convicted of a sexually violent offense.

We recognize that the result of resentencing proceedings in this case will be largely illusory. Defendant stands convicted of a single count of first degree murder for which the mandated sentence is either death or a term of life without the possibility of parole.[6] (§ 190.2, subd. (a).) Whatever benefit defendant may receive from modifying the sentences on his enhancements will have no practical effect on his operative sentence. Thus, interpreting subdivision (f) of section 1172.75 to preclude defendant's resentencing would comport with the Legislature's stated desire to avoid the unnecessary waste of court resources and retraumatization of victims and their families. (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 285, as amended June 4, 2024, p. 3.) Ultimately, however, it is for the Legislature to determine which categories of offenders present circumstances too unduly wasteful or traumatic to justify resentencing proceedings. (See *People v. Rhodius*, *supra*, 17 Cal.5th at p. 1060 [§ 1172.75 resentencing need not result in a "shorter operative sentence" (italics omitted) involving less time served than the original sentence, but rather a sentence that "lessen[s] the burdens of the sentence" by "eliminat[ing] the adverse effects flowing from the now-invalid section 667.5[, subdivision ](b) enhancements"].) While the Legislature could have chosen to expressly exclude from section 1172.75 resentencing all persons sentenced to death or a term of life without the possibility of parole, it did not do so, and the legislative history of Senate Bill No. 285 does not indicate such a broad exclusion was the Legislature's intent.

---

[6] Defendant argued in the trial court that the court should stay his sentence on the murder count pursuant to section 654 and instead execute sentence on the robbery count as the principal term. However, defendant was not charged with or convicted of robbery, and section 1172.75 does not provide a mechanism for redesignating defendant's conviction from special circumstance murder to the felony underlying the special circumstance. (Compare § 1172.6, subd. (e).)

Finally, we note that courts have already determined, albeit in dicta in the death penalty context, that section 1172.75, subdivision (f) is to be read conjunctively. As originally enacted, section 1172.75 did not expressly address resentencing eligibility for persons sentenced to death. (See Sen. Bill No. 483; see also *People v. Dixon* (2025) 112 Cal.App.5th 236, 247 ["Prior to an amendment effective January 1, 2025 . . . , section 1172.75 said nothing about resentencing defendants sentenced to death."], review granted Oct. 22, 2025, S292223 (*Dixon*).) Rather, section 1172.75 contained only one exception: "It did not apply to a prior prison term enhancement imposed for a conviction for a sexually violent offense." (*Dixon*, at p. 247.) Nonetheless, many trial courts initially declined to resentence persons whose sentence included a judgment of death. (See, e.g., *People v. Millsap* (2025) 114 Cal.App.5th 368, 374; *Dixon*, at p. 240.)

In *Dixon*, the appellate court held the section 1172.75 resentencing procedure applies to a defendant whose sentence includes an invalid prior prison term enhancement, even if that defendant has been sentenced to death. (*Dixon*, *supra*, 112 Cal.App.5th at pp. 247–248, rev. granted.) However, the court held resentencing does not extend to the death sentence itself. While the defendant's invalid prior prison term enhancement(s) must be stricken and the defendant resentenced on the remaining determinate and indeterminate terms (*id.* at p. 248), "[t]he 'exclusive procedure for collateral attack on a judgment of death" is a petition for writ of habeas corpus under section 1509' "[7] (*Dixon*, at p. 249). In reaching this conclusion, the *Dixon* court also addressed Senate Bill No. 285, even though the amendment did not apply to the defendant because his

---

[7] Section 1509 was "enacted by a voter initiative, the Death Penalty Reform and Savings Act of 2016 (Prop. 66)." (*Dixon*, *supra*, 112 Cal.App.5th at p. 249, rev. granted.) Our Supreme Court has granted review in *Dixon* to address whether a court may modify a death judgment pursuant to section 1172.75, whether the exclusivity provision of section 1509 precludes modification of a death judgment pursuant to section 1172.75, and whether the superior court had jurisdiction to resentence the defendant pursuant to section 1172.75 while his appeal was pending before the Supreme Court. (*People v. Dixon*, S292223, Supreme Ct. Mins., Oct. 22, 2025.)

judgment was reviewed and verified by the superior court before January 1, 2025. (*Dixon*, at p. 248.) The court noted that, even as amended by Senate Bill No. 285, "section 1172.75 continues to apply to defendants sentenced to death, as long as they have not been convicted of a sexually violent offense." (*Dixon*, at p. 248, fn. 6.) The court explained this amendment "shows the Legislature thought it necessary to add the new subdivision because the Legislature recognized in 2024 that section 1172.75, as originally drafted, applied to defendants . . . sentenced to death." (*Id*. at p. 248.) In a similar context in *People v. Cain* (2025) 116 Cal.App.5th 917, review granted February 18, 2026, S294810 (*Cain*), the court noted that Senate Bill No. 285 added subdivision (f) to section 1172.75, and "arguably manifests a legislative intent to apply section 1172.75 to death sentences so long as the defendant was not convicted of a sexually violent offense."[8] (*Cain*, at p. 929.)

Based on the foregoing, we hold that subdivision (f) of section 1172.75 must be construed conjunctively to exclude from resentencing only those individuals who have been convicted of a qualifying sexually violent offense *and* sentenced to death or a life term without the possibility of parole. Because defendant was not convicted of a qualifying sexually violent offense, he remains eligible for resentencing, and the court

---

[8] Defendant contends the court in *Cain* determined section 1172.75, subdivision (f) is ambiguous. We disagree. The defendant in *Cain* asserted he was entitled to resentencing *on his death sentence* because he had not suffered a conviction for a sexually violent offense and therefore remained eligible for resentencing under subdivision (f). (*Cain*, *supra*, 116 Cal.App.5th at p. 930, rev. granted.) The appellate court stated, "But the Legislature has not explicitly said that a person in his situation is eligible for such relief." (*Ibid.*) The appellate court ultimately declined to resolve the reach of section 1172.75, subdivision (f) because section 1509 prevailed over section 1172.75 as the exclusive vehicle for attack on a judgment of death. (*Cain*, at p. 930.) The appellate court's determination that section 1172.75 does not explicitly provide for nullification of a death sentence is not a determination that subdivision (f) is ambiguous. Moreover, the court in *Cain* determined the defendant remained eligible to have the determinate portion of his sentence modified pursuant to section 1172.75, a determination which is consistent with our view of subdivision (f). (*Cain*, at pp. 922, 933.)

14.

erred in holding otherwise. Accordingly, we reverse the order granting the People's motion to dismiss resentencing.

## **DISPOSITION**

The order granting the People's motion to dismiss resentencing is reversed and the matter is remanded for further resentencing proceedings consistent with this opinion.